UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60567-CIV-MORENO/STRAUSS

AEDEN EVERETT MICHAEL BRADDOCK,

    Plaintiff,

vs.

ANDREW SAUL,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

**THIS CAUSE** has come before the Court upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Motion") (DE 4). This matter has been referred to the undersigned for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters, pursuant to 28 U.S.C. § 636(c) (DE 6).

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). The granting of a motion to proceed *in forma pauperis* is discretionary. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). "When considering a motion filed under Section 1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Raftery v. Vermont Student Assistance Corp.*, 2016 WL 11579801, at *1 (M.D. Fla. Feb. 17, 2016) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal citations omitted)). "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at

1307.  "The Department of Health and Human Services (HHS) poverty guidelines[1] are central to an assessment of an applicant's poverty."  *Ryan v. Comm'r of Soc. Sec.*, No. 16-CV-61716, 2016 WL 10953761, at *1 (S.D. Fla. July 20, 2016) (citations omitted).  A plaintiff, however, need not be "absolutely destitute."  *Martinez*, 364 F.3d at 1307.  Indeed, the court must compare "the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement."  *Thomas v. Chattahoochee Judicial Circuit*, 574 Fed. App'x 916, 917 (11th Cir. 2014).

    Here, Plaintiff has filed a long form affidavit in support of his Motion (DE 4).  Plaintiff's affidavit establishes a monthly household income of $1,300 (comprised soley of his disability income that he states will end this year), and assets consisting of $215 in a bank checking account, a home valued at $85,000 and a 2019 Honda Civic Hatchback valued at $23,000.  He reports having no savings.  The Court notes that Plaintiff reports a household comprised of himself and his mother, and he lists total monthly expenses of approximately $1,450, although the individually-listed expense items total $1,825.  The listed monthly expenses include a mortgage payment in the amount of $540, home maintenance of $100, utilities of $450, food of $300, health insurance of $100, medical and dental of $200, laundry of $75, and miscellaneous recreational expenses of $60.  Plaintiff has not reported a debt payment for the vehicle.  Plaintiff has also not reported expenses for gas, vehicle maintenance, and clothing.  Based on the foregoing, the undersigned concludes that Plaintiff has established the poverty requirement of 28 U.S.C. § 1915(a).

---

[1] *See* HHS Poverty Guidelines for 2020, available at https://aspe.hhs.gov/poverty-guidelines.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (DE 4) is **GRANTED**. The Clerk of the Court shall issue the summonses (DE 1-2) and the United States Marshal shall serve said summonses upon Defendant as required by law. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(i).

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 18th day of March 2020.

Jared M. Strauss
United States Magistrate Judge

Copies furnished counsel via CM/ECF